# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LARRY E. EALY,

    Petitioner,

    -vs-

SHERIFF PHIL PLUMMER,

    Respondent.

Case No. 3:08-CV-473

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

Petitioner Larry Ealy filed this habeas corpus action on December 19, 2008, seeking relief from an outstanding arrest warrant issued by Acting Judge James Ruppert of the Dayton Municipal Court in that court's Case No. 2008 TRD 3189 (Petition, Doc. No. 3). Because the Petition did not conform to the standard form for habeas corpus petitions adopted by the Supreme Court and mandated by Rule 2 of the Rules Governing § 2254 Cases, the Magistrate Judge ordered Petitioner to file a conforming petition not later than December 31, 2008 (Doc. No. 2).

On December 24, 2008, Mr. Ealy filed what he styled as an "Amended Second Application for Petition of Writ of Habeas Corpus" (Doc. No. 4) in which he acknowledged receipt of the Order to conform to Rule 2. The Magistrate Judge struck the Amended Second Application because it too did not conform. Mr. Ealy has failed to file a new petition which does conform and the date by which he was ordered to do so has passed.

Mr. Ealy states that Judge Ruppoert issued the warrant for his failure to appear. He does not

deny that the Dayton Municipal Court case was actually set and that he did not appear as ordered. Both the Petition and Second Amended Application then discuss at length Mr. Ealy perception that Acting Judge Ruppert has conspired with the City of Dayton prosecutor, that evidence has been destroyed, that Acting Judge Ruppert improperly defended himself against a motion for his disqualification, and many other facts relating to the underlying case.

Notably missing from the discussion is any statement of what Mr. Ealy has done to exhaust available state court remedies. A state prisoner seeking federal habeas corpus relief must first exhaust the remedies available to him in the state courts. 28 U.S.C. §2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). In Ohio, this includes direct and delayed appeal to the Ohio Court of Appeals and the Ohio Supreme Court. *Mackey v. Koloski,* 413 F.2d 1019 (6th Cir. 1969); *Allen v. Perini,* 424 F.2d 134, 140 (6th Cir. 1970). It also includes the remedy of a petition for post-conviction relief under Ohio Revised Code §2953.21. *Manning v. Alexander*, 912 F.2d 878 (6th Cir. 1990). It also includes a post-sentence motion to withdraw a guilty plea under Ohio R. Crim. P., 32.1, which does not itself prescribe a time limitation. *State v. Bush*, 96 Ohio St. 3rd 235, 773 N.E. 2d 522, 2002-Ohio-3993 (2002). A habeas petition in federal district court containing claims which have not yet been exhausted must be dismissed. *Rose v. Lundy,* 455 U.S. 509 (1982); *Pilette v. Foltz,* 824 F.2d 494 (6th Cir. 1987). While the exhaustion doctrine is not jurisdictional and is thus waivable by the State, *Ex parte Royall*, 117 U.S. 241, 65 S. Ct. 742, 29 L. Ed. 2d 872 (1886); *Granberry v. Greer*, 481 U.S. 129, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987). 28 U.S.C. §2254(b)(3) as added by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214), provides "A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the

State, through counsel, expressly waives the requirement." In the absence of exceptional or unusual circumstances, principles of comity and federalism require that unexhausted claims be decided in the first instance by the state courts even if the State does not raise the defense. *O'Guinn v. Dutton*, 88 F.3d 1409 (6th Cir. 1996)(per curiam)(en banc).

## Conclusion

Because Mr. Ealy has not exhausted available state court remedies or otherwise shown that his failure to exhaust should be excused, his Petition should be dismissed without prejudice. Reasonable jurists would not disagree with this conclusion and therefore Mr. Ealy should be denied a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

January 3, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).