# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LARRY E. EALY,

       Petitioner,

       -vs-

SHERIFF PHIL PLUMMER,

       Respondent.

:

:

:

Case No. 3:08-CV-473

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS; ORDER DENYING MOTION TO AMEND AND REQUEST FOR RECUSAL

This case is before the Court on Petitioner's Objections (Doc. No. 6) to the Report and Recommendations of January 5, 2009 (Doc. No. 5), recommending that this habeas corpus case be dismissed without prejudice for failure to exhaust available state court remedies. The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

The bulk of Petitioner's arguments seem to be directed to showing that he is sufficiently in custody to be allowed to invoke this Court's habeas corpus jurisdiction. However, the Report does not question whether Mr. Ealy is in custody within the meaning of the custody requirement. A person on bond is sufficiently in custody to invoke federal habeas corpus jurisdiction. *Hensley v. Municipal Court,* 411 U.S. 345, 93 S. Ct. 1571, 36 L. Ed. 2d 294 (1973).

Rather, the Report recommends dismissal because Petitioner has not exhausted his available state court remedies. Since the Objections do not speak to that point, it is again respectfully

recommended that the Petition be dismissed without prejudice for lack of exhaustion for the same reasons given in the original Report. A habeas petition in federal district court containing claims which have not yet been exhausted must be dismissed. *Rose v. Lundy,* 455 U.S. 509 (1982); *Pilette v. Foltz,* 824 F.2d 494 (6th Cir. 1987).

Petitioner also moves to amend the Petition "to contain language under 28 U.S.C. § 2242(b) with attachment of State Court Remedy in Mandamus captioned Case No. 08-2473." Under Fed. R. Civ. P. 15, Petitioner is entitled to amend his Petition once as a matter of course before an answer is filed. However, Petitioner has already attempted such an amendment unsuccessfully. See Amended Second Application, Doc. No. 4. He therefore requires court permission to amend again. This Court simply does not understand what language in 28 U.S.C. § 2242[1] Petitioner is referring to.

Petitioner attaches to his Objection a file-stamped copy of a verified petition in an original action in mandamus in the Ohio Supreme Court attempting to have that court compel Dayton Municipal Court Administrative Judge Carl Henderson dismiss a case pending against Mr. Ealy in the Dayton Municipal Court. It would not be proper to "amend" a habeas petition to attach a pleading in another case. Insofar as the mandamus petition is tendered to attempt to show that Mr. Ealy has exhausted his state court remedies, it does not do so. Under Ohio law, mandamus is an extraordinary remedy which is available only when an ordinary legal remedy is unavailable. Mr. Ealy has not yet been tried on the Dayton Municipal Court case, much less exhausted his ordinary remedies of appeal to the Second District Court of Appeals and the Ohio Supreme Court. Therefore the fact that he has filed a mandamus petition does not prove the required exhaustion.

---

[1] § 2242 does not have a subsection (b).

Finally, at page two of his Objections, Petitioner states "If the magistrate here is unable to overturn a minor misdemeanor warrant originated in the State Court due to the Petitioner long run in with corruption in the Dayton Police Department then you are required to recuse yourself to save an appeal to the Sixth Circuit." Failure to recommend the grant of a writ of habeas corpus when a petitioner has not exhausted state court remedies is not a basis for recusal. The request for recusal is denied.

January 16, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).